UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SECURITIES AND EXCHANGE                    CIVIL ACTION
COMMISSION

VERSUS                                     NO: 15-2451

RONALD L. BLACKBURN, ET AL                 SECTION: "J"(1)

## ORDER & REASONS

Before the Court is a *Rule 56 Motion for Summary Judgment*
**(Rec. Doc. 74)** filed by Defendants Ronald Lee Blackburn, Andrew
V. Reid, Bruce Gwyn, and Michael A. Mulshine ("Defendants") and
an opposition thereto (Rec. Doc. 82) filed by Plaintiff, the
Securities and Exchange Commission. Having considered the motion
and legal memoranda, the record, and the applicable law, the
Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On December 15, 2014, the Securities and Exchange
Commission ("SEC") filed a Complaint against Defendants for
various claims under the Securities Act of 1933 and the
Securities Exchange Act of 1934. The Complaint alleges a
widespread scheme by the individual Defendants to defraud
investors and violate the antifraud, registration, and reporting
provisions of the federal securities laws with respect to
Defendant Treaty Energy Corporation, a publicly traded oil and
gas company. According to the SEC, Defendants Blackburn, Reid,

Gwyn, Mulshine, Schlesinger, and Whitley carried out this scheme between 2009 and 2013 by (1) concealing that Blackburn, a convicted felon, controlled Treaty as *de facto* officer and director; (2) engaging in a false promotional campaign intended to artificially inflate Treaty's stock price, including issuing a January 2012 press release falsely claiming a major oil strike in Belize; (3) perpetuating a fraudulent trading scheme involving the issuance and transfer of restricted and unrestricted Treaty stock through which Defendants raised millions of dollars selling virtually worthless stock to unwitting investors; and (4) conducting an illegal and unregistered offering of oil and gas working interests. The Complaint alleges that as a result of their misconduct, Defendants reaped illicit profits of over $4.9 million.

On June 30, 2105, this case was transferred to this Court from the Eastern District of Texas after Defendants, all but one of whom reside in the Eastern District of Louisiana, moved to transfer venue. Defendants filed the instant *Rule 56 Motion for Summary Judgment* **(Rec. Doc. 74)** on July 28, 2015.

## PARTIES' ARGUMENTS

In support of their motion for summary judgment, Defendants argue that the SEC's claim is not about violations of the Securities Act or the Securities Exchange Act, but rather "[i]t is about the abuse of the SEC's investigative functions and the

failure of the SEC to disassociate itself from persons who were knowingly abusing its process," namely a group of people referred to by Defendants as "*tdbowkieknife bloggers*" or "Treaty malcontents." (Rec. Doc. 74-1, p. 1) Although Defendants move for summary judgment, they spend approximately eight pages of their memorandum arguing that the Court should strike various paragraphs and captions in the SEC Complaint pursuant to Federal Rule of Civil Procedure 12(f), because they are immaterial, impertinent, and scandalous. (Rec. Doc. 74-1, pp. 10-18) The remainder of Defendants' memorandum argues that the Complaint "woefully fails the test for specificity under Rule 9(b)," that the allegations are nothing more than a "parroting of slander," and that the SEC staff attorney who initiated this matter subjected the Defendants to humiliation in violation of Rule of Evidence 404 as well as "the rules of life." (Rec. Doc. 74-1, p. 21)

The substance of Defendants' argument in support of their motion for summary judgment begins on the last page of their memorandum, after noting that they "will not belabor the issue." Defendants address the SEC's claims in three paragraphs, each essentially restating the claim and ending simply with the phrase "That did not happen." (Rec. Doc. 74-1, p. 25)

Rather than respond with evidence of specific facts creating a genuine issue for trial, the SEC argues in opposition

that Defendants failed to meet their burden as movants because they merely deny that the alleged violation occurred. (Rec. Doc. 82, p. 4) Furthermore, the SEC asks the Court to "disregard all uncited allegations contained in Defendants' brief and the accompanying 'Statement of Uncontested Facts,' which are not supported by a single citation to the evidence." (Rec. Doc. 82, p. 2)

### LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a

reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party must "'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by

unsubstantiated assertions, or by only a scintilla of evidence."
*Id.* (citations omitted) (internal quotation marks omitted).

## <u>DISCUSSION</u>

The Court must first determine whether Defendants have satisfied their initial burden. Simply filing a motion for summary judgment does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991). "*Celotex* makes clear that before the nonmoving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Russ*, 943 F.2d at 592.

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* (quoting *Celotex*, 477 U.S. at 323). This initial burden remains with the moving party even when the issue involved is one on which the non-movant will bear the burden of proof at trial. *Id.* Thus, "the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory

assertion that the plaintiff has no evidence to prove his case." *Celotex*, 477 U.S. at 328 (White, J., concurring); *see also Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

Rule 56(c) sets out the procedures for supporting factual positions in a motion for summary judgment. A party asserting that a fact cannot be genuinely disputed "must support the assertion by: (A) citing to particular parts of materials in the record[; or] (B) showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). Although the court may consider other materials in the record, it need only consider the cited materials. *Id.*

In the instant case, Defendants cite to six exhibits attached to their motion for summary judgment: a petition for damages filed in St. Tammany Parish against Blackburn, Treaty, and four other defendants (Rec. Doc. 74-3); an email chain between an SEC staff attorney and two Immigration and Customs Enforcement agents (Rec. Doc. 74-4); various comments posted on an online blog referred to as InvestorHUB (Rec. Docs. 74-5, 74-6, 74-7); and an email chain between the Defendants' attorney and the SEC staff attorney (Rec. Doc. 74-8). Defendants also quote multiple paragraphs of the SEC Complaint, mainly seeking to have these portions stricken. (Rec. Doc. 74-1, pp. 10-18)

None of the Defendants' "Uncontested Material Facts" are supported by citation to the record or any other materials. (Rec. Doc. 74-2)

In addition, Defendants cite *SEC v. Wheeling-Pittsburgh Steel Corp.*, a Western District of Pennsylvania case vacated by the United States Court of Appeals for the Third Circuit, for the proposition that "the [SEC] owes a duty to the public . . . to disassociate itself from persons who are knowingly abusing its process." 482 F. Supp. 555, 565 (W.D. Pa. 1979). In *Wheeling-Pittsburgh*, the district court refused to enforce a subpoena *duces tecum* because it believed that the SEC had allowed biased third parties to influence the investigative process improperly. *Id.* at 566. On appeal, the Third Circuit remanded the case because it was unclear from the district court opinion whether it focused on the motives of the SEC, which is the proper focus in a challenge to an administrative subpoena, or whether the motives of third parties were relied upon. *SEC v. Wheeling-Pittsburgh Steel Corp.*, 648 F.2d 118, 128 (3d Cir. 1981). However, Defendants' reliance on the district court's vacated opinion in *Wheeling-Pittsburgh* is misplaced; it provides no support for the assertion that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Rather than support their motion for summary judgment, Defendant's devote a substantial portion of their brief to a detailed discussion of "the need to purge the complaint," in which Defendants ask the Court to strike certain allegations under Rule 12(f). A motion for summary judgment is the entirely improper vehicle in which to raise this issue. Accordingly, the Court will not consider this argument.

It is apparent that Defendants totally failed to satisfy the movant's burden as set out in Rule 56, *Celotex*, and *Russ*. The Defendants' motion for summary judgment failed to point out an absence of proof on any factual issue. Similar to the motion before the court in *Ashe v. Corley*, "the motion failed to raise any factual issues at all, other than in the most conclusory terms." 992 F.2d at 544. A mere conclusory statement that the allegations in the Complaint "did not happen" does not satisfy the movant's burden. As a result, the burden never shifted to the SEC to go beyond the pleadings to show specific facts creating a genuine issue for trial,[1] and the Court must deny the motion.

## CONCLUSION

Accordingly,

---

[1] It should be noted, however, that the SEC "truly walked the razor's edge with their response to the [Defendants'] motion." *Ashe*, 992 F.2d at 544 n.5. If the Defendants' had satisfied their burden with respect to any essential element of the SEC's claims, the SEC's response would have been completely inadequate to prevent summary judgment. *See id.*

**IT IS HEREBY ORDERED** that Defendants' *Rule 56 Motion for Summary Judgment* **(Rec. Doc. 74)** is **DENIED**.

New Orleans, Louisiana this 12th day of August, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE