UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SECURITIES AND EXCHANGE                CIVIL ACTION
COMMISSION

VERSUS                                  NO: 15-2451

RONALD L. BLACKBURN, ET AL              SECTION: "J"(1)

### ORDER & REASONS

Before the Court is a *Motion to Strike Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure* **(Rec. Doc. 90)** filed by Defendants Ronald L. Blackburn, Andrew V. Reid, Bruce A. Gwyn, and Michael A. Mulshine ("Defendants") and an opposition thereto (Rec. Doc. 94) filed by Plaintiff, the Securities and Exchange Commission ("SEC"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On December 15, 2014, the SEC filed a complaint against Defendants for various claims under the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). The Complaint alleges a widespread scheme by the individual Defendants to defraud investors and violate the antifraud, registration, and reporting provisions of the federal securities laws with respect to Defendant Treaty Energy Corporation ("Treaty"), a publicly traded oil and gas company.

According to the SEC, Defendants Ronald Blackburn, Andrew Reid, Bruce Gwyn, Michael Mulshine, Lee Schlesinger, and Samuel Whitley carried out this scheme between 2009 and 2013 by (1) concealing that Blackburn, a convicted felon, controlled Treaty as *de facto* officer and director; (2) engaging in a false promotional campaign intended to artificially inflate Treaty's stock price, including issuing a January 2012 press release falsely claiming a major oil strike in Belize; (3) perpetuating a fraudulent trading scheme involving the issuance and transfer of restricted and unrestricted Treaty stock through which Defendants raised millions of dollars selling virtually worthless stock to unwitting investors; and (4) conducting an illegal and unregistered offering of oil and gas working interests. The Complaint alleges that as a result of their misconduct, Defendants reaped illicit profits of over $4.9 million.

On August 12, 2015, the Court denied Defendants' motion for summary judgment, noting that Defendants devoted a substantial portion of their brief to a detailed discussion of the "need to purge the complaint" in which Defendants asked the Court to strike a number of allegations pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Rec. Doc. 86, at 9.) In denying Defendants' motion, the Court explained that a motion for summary judgment is the entirely improper vehicle to raise

2

that issue. *Id.* Accordingly, the Court declined to consider whether certain allegation in the Complaint may be stricken pursuant to Rule 12(f) at that time.

Defendants filed the instant *Motion to Strike Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure* **(Rec. Doc. 90)** on September 2, 2015. The SEC filed its opposition (Rec. Doc. 94) on September 15, 2015. The Court now considers the motion on the briefs.

## PARTIES' ARGUMENTS

The Defendants ask the Court to strike paragraphs 1, 7, 8, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 32, and 35, and the introductory captions to sections A, B, and C from the SEC Complaint.[1] (Rec. Doc. 90, at 1.) Defendants argue that all references to Blackburn as a "convicted felon" or as a "criminal" or as having a "criminal background" must be stricken as scandalous and as amounting to nothing of value. (Rec. Doc. 90-1, at 3.) Furthermore, Defendants contend that references to their contractual rights and Fifth Amendment rights are equally inappropriate and irrelevant, and therefore "must be purged from the infirm SEC Complaint." *Id.* at 4-5.

---

[1] In their motion to strike, Defendants also note: "As set forth in the memorandum in support, the proposition that Blackburn was a *de facto* officer . . . is so legally flawed as to make the allegation '...immaterial and impertinent...' and therefore subject to this Motion to Strike." (Rec. Doc. 90, at 3 n.3.) However, Defendants memorandum in support makes no mention of this allegation.

3

In opposition, the SEC contends that Defendants' motion to strike is legally deficient because the challenged allegations are highly relevant and central to the SEC's claims. (Rec. Doc. 94, at 2.) According to the SEC, the Complaint simply states the relevant and undisputable fact that Blackburn is a convicted felon. *Id.* at 4. Moreover, the SEC argues that the Defendants' assertion of their Fifth Amendment privilege and refusal to testify in the SEC's underlying investigation are highly relevant facts because their refusals may entitle the SEC to an adverse inference against Defendants. *Id.* Therefore, the SEC maintains that these allegations are directly relevant to its claims, the evidence supporting those claims, and the procedural posture of the litigation. *Id.* In addition, the SEC argues that Defendants' motion to strike is untimely. *Id.* at 5.

## LEGAL STANDARD AND DISCUSSION

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* Courts have considerable discretion in deciding whether to grant or deny a motion to strike. *See In re Beef Indus. Antitrust Litig.*,

4

600 F.2d 1148, 1168 (5th Cir. 1979). However, motions to strike are generally disfavored and rarely granted. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). The action of striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). For this reason, a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Id.* In addition, a motion to strike generally should not be granted absent a showing of prejudice to the moving party. *See id.*

It is normally apparent on the face of the pleading whether the challenged matter is objectionable under Rule 12(f). "Redundant" matter consists of allegations that constitute "a needless repetition of other averments in the pleading." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004). "Immaterial" matter is that which "has no essential or important relationship to the claim for relief or the defenses being pleaded," such as superfluous historical allegations, "or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Id.* Furthermore, "impertinent" matter consists of statements that "do not pertain, and are not necessary, to the issues in question." *Id.* Lastly, "scandalous" matter is that

which "improperly casts a derogatory light on someone," *id.*, or "states anything in repulsive language that detracts from the dignity of the court." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007). Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party. Wright & Miller, *supra*, § 1382 (3d ed. Supp. 2015).

As an initial matter, Defendants' motion to strike is untimely. Under Rule 12(f), a motion to strike must be brought before responding to a pleading. Fed. R. Civ. P. 12(f)(2). The SEC filed its Complaint on December 15, 2014. (Rec. Doc. 1.) The Defendants filed their Answer on March 12, 2015. (Rec. Doc. 36.) The instant motion to strike was filed on September 2, 2015, approximately 175 days after Defendants responded to the Complaint. (Rec. Doc. 90.) Therefore, the motion was filed well after the deadline imposed by Rule 12(f).

The Court also declines to strike any portion of the Complaint on its own initiative, as provided by Rule 12(f)(1). In the instant case, none of the challenged paragraphs or captions is redundant, immaterial, impertinent, or scandalous. The portions of the Complaint that Defendants seek to strike are highly relevant to the SEC's claims, which include allegations that material information regarding Blackburn's criminal history was hidden from the investing public. The failure to disclose

6

Blackburn's criminal history, involvement in other litigation, and his role in the company is the conduct that the SEC claims violates the federal securities laws. *See SEC v. Enters. Sols., Inc.*, 142 F. Supp. 2d 561, 573 (S.D.N.Y. 2001) (finding that consultant's significant participation in the company was a material fact for purposes of securities fraud because the consultant had an extensive history of criminal and regulatory violations). Therefore, the challenged portions of the Complaint are central to the SEC's claims, and it cannot be said that they have "no possible relation to the controversy." *See Augustus*, 306 F.2d at 868.

Further, the allegations in the Complaint are not scandalous or inappropriate. In support of their motion, the Defendants rely on *Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, where the court struck a portion of the complaint that referred to the defendants as "two unscrupulous, unprincipled con artists." 288 F. Supp. 2d 473, 481 (S.D.N.Y. 2003). The court reasoned that the stricken paragraph amounted to nothing more than "name calling." *Id.* However, the SEC Complaint in the instant case is much different from the complaint in *Great Central Basin*. Here, the Complaint simply refers to Blackburn's criminal history and describes him as a convicted felon; it does not resort to the type of "name calling" that the court struck in *Great Central Basin*.

7

Furthermore, Defendants are not prejudiced by the inclusion of these allegations in the Complaint, as Blackburn's admitted criminal conviction is a matter of public record.[2] Therefore, these allegations should not be stricken.

The Court also declines to strike portions of the Complaint regarding the Defendants' assertion of their Fifth Amendment privilege and refusal to testify in the SEC's underlying investigation. Although Defendants argue that the invocation of the Fifth Amendment privilege and any refusal to testify in the SEC's investigation "are not 'evidence' of anything," (Rec. Doc. 90-1, at 4), it is well established that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008). Thus, a person's invocation of the Fifth Amendment may be admitted into evidence in a civil proceeding. *Id.* at 291-92. Therefore, these allegations are relevant to the SEC's claims and should not be stricken.

## CONCLUSION

Accordingly,

---

[2] In their motion to strike, Defendants admit that "Blackburn entered a plea in 1999 as to tax-reporting issues and served his sentence." (Rec. Doc. 90, at 1 n.1.)

8

**IT IS HEREBY ORDERED** that Defendant's *Motion to Strike Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure* **(Rec. Doc. 90)** is **DENIED**.

New Orleans, Louisiana this 23rd day of September, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE