UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | * | CIVIL ACTION NO. 15-2451 |
| COMMISSION | * | |
| | * | SECTION: "J"(1) |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| RONALD L. BLACKBURN ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Compel Discovery filed by defendants Ronald L. Blackburn, Andrew V. Reid, Bruce A. Gwyn, and Michael A. Mulshine (collectively, the "Blackburn Defendants"). (Rec. Doc. 164). For the following reasons, the Motion is DENIED.

Background

The Securities and Exchange Commission ("SEC") filed this private enforcement action on December 15, 2014, against Blackburn, Reid, Gwyn, Mulshine, Lee C. Schlesinger, Samuel E. Whitley, and Treaty Energy Corporation ("Treaty" and with Blackburn, Reid, Gwyn, Mulshine, Schlesinger and Whitley, the "Defendants") alleging the Defendants violated the Securities Act of 1933 and the Securities and Exchange Act of 1934. (Rec. Doc. 1). The District Judge granted Schlesinger's Partial Motion to Dismiss in part, finding the Complaint failed to meet the pleading requirements, and allowed the SEC to amend (Rec. Doc. 91). The SEC did so on October 1, 2015 (Rec. Doc. 97). On January 4, 2016, the District Judge denied Schlesinger's motion to dismiss the Amended Complaint, finding that the SEC had sufficiently pleaded its claims against him. (Rec. Doc. 121, at 36).  The other Defendants did not challenge the sufficiency of the SEC's Amended Complaint. The Blackburn Defendants filed their answers to the Amended Complaint into the record on April 11, 2016.

1

As Judge Barbier explained in ruling on Schlesinger's motion to dismiss the Amended Complaint:

> The SEC alleges a widespread scheme by the individual Defendants to defraud investors and violate the antifraud, registration, and reporting provisions of the federal securities laws with respect to Defendant Treaty Energy Corporation ("Treaty"), a publicly traded oil and gas company. According to the SEC, Defendants Ronald Blackburn, Andrew Reid, Bruce Gwyn, Michael Mulshine, Lee Schlesinger, and Samuel Whitley carried out this scheme between 2009 and 2013 by (1) concealing that Blackburn, a convicted felon, controlled Treaty as *de facto* officer and director; (2) engaging in a false promotional campaign intended to artificially inflate Treaty's stock price, including issuing a January 2012 press release falsely claiming a major oil strike in Belize; (3) perpetuating a fraudulent trading scheme involving the issuance and transfer of restricted and unrestricted Treaty stock through which Defendants raised millions of dollars selling virtually worthless stock to unwitting investors; and (4) conducting an illegal and unregistered offering of oil and gas working interests. The SEC alleges that as a result of their misconduct, Defendants reaped illicit profits of over $4.9 million.

Id. at 1-2.

The trial in this matter was originally scheduled to occur in October 2016, but the SEC sought to amend the scheduling order in June 2016. (Rec. Doc. 128-1). They noted that Blackburn Defendants had not filed their answers until April 11, 2016, and they submitted that "substantial discovery remains to be taken" and "substantial document production remains from the Defendants." Id. at 2-3. The District Judge granted the SEC's motion, the trial was reset to May 1, 2017, and the parties were ordered to complete discovery by March 6, 2017. (Rec. Doc. 143).

On February 7, 2017, the SEC filed its witness and exhibit lists into the record in accordance with the scheduling order. (Rec. Docs. 150, 151). Defendants Schlesinger and Whitley filed their witness and exhibit lists on the same day (Rec. Docs. 148, 149, 152, 153), but the Blackburn Defendants have not filed witness or exhibits lists.

<u>Discovery Issue</u>

On February 21, 2017, less than two weeks prior to the discovery deadline, the Blackburn Defendants filed a Motion to Compel Discovery.[1] (Rec. Doc. 164). It appears that the Blackburn Defendants first received the SEC's responses to their discovery requests, the sufficiency of which they now contest, in July 2016. (Rec. Doc. 166-2, at 14). It is unclear why they failed to resolve issues regarding the sufficiency of the SEC's responses at an earlier time. The Blackburn Defendants' motion primarily complained that the SEC had unfairly failed to answer more than 25 interrogatories. (Rec. Doc. 164-1).  Indeed, the only objection to the content of the answers they did receive was to note they were "***_infuriating!!!_***" <u>Id.</u> at 4 n.3 (emphasis in original).

This Court conducted a telephone status conference on February 23, 2017, at which time counsel for Blackburn Defendants acknowledged that Federal Rule of Civil Procedure 33 limits each Defendant to serving the plaintiff with 25 interrogatories, including discrete subparts. Counsel further acknowledged that he could have filed a motion requesting the Court order the SEC to respond to more than 25 interrogatories per Defendant, but he failed to do so because he was waiting to see what happened with the case. He also admitted that he now wanted more detailed responses to ensure he was prepared for the SEC's motion for summary judgment, as he feared he was not prepared to rebut their assertions. Counsel for Blackburn Defendants now argued that the SEC's responses to the first 25 interrogatories were deficient and requested that he be provided an opportunity to brief this argument in more detail. Over the SEC's strenuous objection to any additional briefing, the Court ordered that Blackburn Defendants file a supplemental memorandum of no more than five pages, "elaborate[ing] on the alleged deficiencies in plaintiff's responses to the first twenty-five interrogatories served by each defendant." (Rec. Doc. 165).

---

[1] The Motion was marked deficient and was refiled by the Blackburn Defendants on February 23, 2017.

Before ending the telephone conference, the Court emphasized that the objections needed to be very specific.

On March 1, 2017, the Blackburn Defendants filed their five page memorandum and an additional 126 pages of exhibits. (Rec. Doc. 166). They attached the allegedly deficient discovery responses with certain responses circled by hand. Instead of providing the specific objections demanded by the Court, the memorandum explains merely that counsel had marked "the actual non-responses" and that, to determine the sufficiency of the SEC's responses, "the easiest way" would be for the Court to review them. Id. at 1. The closest the Blackburn Defendants come to explaining why the responses are deficient is to say that "[r]ather than giving straight answers to direct questions about what was being charged and against whom, the SEC sent all defendants back to the Complaint, told us to figure out the violations from the mere citations . . . ." Id. at 2. Blackburn Defendants also complain that the SEC was evasive in responding that it had not yet identified witnesses and documents that it intended to introduce at trial and would provide a trial witness and exhibit list in accordance with the Court's scheduling order. Id. Blackburn Defendants use the remainder of their five pages to complain about the SEC's witness and exhibit lists. Id. at 3-5. The pending motion to compel is not the place to test the sufficiency of the SEC's witness and exhibit lists.

On March 2, 2017, the Blackburn Defendants filed a Request for Hearing. (Rec. Doc. 167). The Request is seven pages long, primarily complains that the SEC's allegations are baseless, and is essentially an attempt to file a second supplemental memorandum in support of the Blackburn Defendants' Motion to Compel, without leave of Court. However, the Request similarly fails to provide any specific reason why this Court should find that the SEC's interrogatory responses are deficient, or any reason why oral argument might help resolve the matter.

On March 4, 2017, again without leave of Court, the Blackburn Defendants filed a 154 page Supplement to Pending Discovery Matters. (Rec. Doc. 171). The Blackburn Defendants attach copies of the regulations they are alleged to have violated and argue that the SEC has failed to provide a factual basis for the violations. Id. at 2. The Blackburn Defendants' Supplement does not explain why each of the circled interrogatory responses are deficient.

On March 6, 2017, counsel for the Blackburn Defendants provided a copy of a Wikipedia entry for "Character Assassination" to the Court by email (with a copy to all counsel of record). According to counsel, it was intended to supplement footnote 1 of the Request for Hearing (Rec. Doc. 167). The Court entered this document into the record. (Rec. Doc. 175).

On March 6, 2017, the SEC filed its Memorandum in Opposition to the Motion to Compel (Rec. Doc. 172). The SEC lays out the timeline of events, pointing out that despite the plethora of filings, the Blackburn Defendants have failed to point to any "specific deficiencies" in the SEC's interrogatory responses. Id. at 2. The SEC adds that the Blackburn Defendants fail to specify the relief they are seeking. Id. The SEC argues that because the Blackburn Defendants have failed to identify any deficiency in the SEC's discovery responses, the Motion to Compel should be denied. Id. at 3. The Court agrees.

The Blackburn Defendants have had numerous opportunities to explain to the Court why the SEC's responses to each of their first 25 interrogatories[2] is deficient: in the initial motion and memorandum in support, in the telephone conference held with the undersigned, and in the five

---

[2] The Blackburn Defendants' original motion complained that the SEC was "standing firm on the 25 interrogatory limit." As noted above, counsel for the Blackburn Defendants conceded at the telephone conference that if he sought responses to more than 25 interrogatories, he should have sought leave long ago. To the extent there is any merit to the Blackburn Defendants' suggestion (in the Supplement filed without leave of Court) that the SEC improperly counted subparts of their interrogatories as separate interrogatories, this issue was not properly brought before the Court pursuant to the Motion to Compel. Moreover, at the telephone conference, counsel essentially abandoned his challenge to the non-answered interrogatories after conceding he should have addressed the issue earlier. Indeed, counsel waited until just days before the discovery deadline to demand additional responses to interrogatories when counsel has been aware of the issue for seven months. This is simply too late.

page supplemental memorandum. Without leave of Court the Blackburn Defendants have made three further filings with the Court. Yet they have still failed to explain the deficiency of each discovery response with any detail. Moreover, the Court finds that the SEC's responses are sufficient. The SEC has produced its entire, non-privileged investigative file. Several of the circled discovery responses contain specific, substantive responses. Those that do not contain substantive responses instead reference the Amended Complaint, which contains 116 very detailed, specific allegations. Further, the Blackburn Defendants brought this matter to the Court less than two weeks prior to the expiration of the discovery deadline. They offer no explanation for this delay except that they were waiting to see how the case went. To complain that discovery responses are insufficient seven months after receiving them and on the eve of the discovery deadline is untimely. To then provide the Court, and one's opponent, with insufficient detail as to the alleged deficiencies is fatal.

<u>Conclusion</u>

Accordingly, for the foregoing reasons, the Motion to Compel is DENIED.

New Orleans, Louisiana, this 7th day of March, 2017.

Janis van Meerveld
United States Magistrate Judge

6