**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | * | **CIVIL ACTION 2015-2451** |
| | * | |
| **versus** | * | **SECTION J** |
| | * | |
| **RONALD L. BLACKBURN, ANDREW REID, BRUCE A. GWYN and MICHAEL A. MULSHINE** | * | |

*******************************************

## REQUEST FOR HEARING ON ALL MATTERS PENDING

Ronald L. Blackburn, Andrew Reid, Bruce A. Gwyn and Michael A. Mulshine *respectfully* request that the Court hold a hearing on all pending matters for the reasons set forth below. We will be as brief as possible, recognizing that this case has suffered an intimidating amount of pleadings with minimal advancement of the issues.

With much passion but without avail, we have pleaded that the lives of these defendants have been destroyed. Despite 225 document entries and close to 5,000 pages of arguments from both sides, it is still *impossible* to fathom what these people did to deserve the accusations that they violated the federal securities laws. Faced with paper-mountains from both sides, this Court has not decided the cross-motions for summary judgment, tangled in fact-intensive issues. *This* pleading humbly seeks a chance to advocate directly to the Court and crystalize the issues.

Quickly, we explain why these defendants will feel deprived of having had their "...day in court..." if this case is decided on the papers. In two hours or less, we will persuade this Court that a dismissal of the SEC Complaint is the *only* alternative, fulfilling the proposition by MR. JUSTICE FRANKFURTER in *Offutt v. United States*, 348 U.S. 11, 14 (1954) that "...justice must satisfy the appearance of justice...".

Although the facts in *Offutt* are different, the message is the same: how and why can these defendants lose this case without any opportunity to have their lawyer advocate directly to the Court. Recent publications make our point. *Oral Argument in Federal Court Becoming a Lost Art*, P.J. D'Annuzio, May 1, 2017, ALM Network of Legal Publications, Events, Research and Intelligence Tools, Exhibit A. At the hearing we request, this Court can and should ask the SEC at least the following:

- ☛ What *exactly* did **Ronald Blackburn** do wrong? When, where and how? And why is whatever-he-did a violation of *which* securities law?

- ☛ What *exactly* did **Andrew Reid** do wrong? When, where and how? And why is whatever-he-did a violation of *which* securities law?

- ☛ What *exactly* did **Bruce Gwyn** do wrong? When, where and how? And why is whatever-he-did a violation of *which* securities law?

- ☛ What *exactly* did **Michael Mulshine** do wrong? When, where and how? And why is whatever-he-did a violation of *which* securities law?

If this Court is inclined to rule against these defendants, we are surely entitled to an opportunity to change Your Honor's mind. Despite this Court's admonition against "lumping" in the first Schlesinger opinion, Doc. 91, the SEC just changed the word "defendants" to each defendants' name. Statistics quoted in *Does Oral Argument Really Matter?*, from materials presented at the April 1, 2016 Tennessee Appellate Academy in Memphis made the same arguments: given a chance eyeball-to-eyeball, we *will* make points we can't make sitting at the office, for example, Exhibit B:

> "In a study of over 200 statements made by appellate judges, 80% said that oral arguments are very important to the resolution of cases. Former Chief Justice of the Supreme Court William Rehnquist stated that oral argument changed his ideas in somewhere between 25-50% of cases.

In a comprehensive report by the American Academy of Appellate Lawyers, published at https://www.appellateacademy.org/publications/oa_final_report_10_15_15 on the subject of the importance of oral argument, the point is this:

**Oral Argument Assures Litigants Their "Day in Court"[1].**

*That* statement captures undersigned counsel's dilemma: how to explain to these four defendants that their lives can be destroyed by a reckless SEC case that (i) has no merit, (ii) involves millions of dollars in the market value of Treaty Energy, and (iii) falsely accuses these men of "ill-gotten gains" when the are all broke, broken and did nothing that even resembles a securities violation. It is inexplicable.

## RONALD BLACKBURN

The lynchpin of the SEC's *entire* claim is that Ronald Blackburn was convicted of a felony in 1999 and that he was a *de facto* officer of Treaty. *SEC v. Prince*, 942 F.Supp. 2d 108 (D.C.D.C.2013), however, kills the SEC case, which is nothing more than slander from prohibited communications between the Fort Worth Office and the Hallin interests, who have unabashedly used the SEC to further their own sinister agenda, *SEC v. Pittsburgh- Wheeling Steel*, 482 F.Supp. 555 (W.D. Pa.1979).

In *Prince*, that court went through hundreds of finding of fact regarding the elusive *de facto* officer concept and found against Prince on only one count. We won't engage in details at this time because that should happen at the hearing we request. Because the SEC's claim against Blackburn has no merit (except to the Hallin interests), the calumnious claim that Ronald Blackburn and his "...hand-selected team of associates..." manipulated the trading of Treaty Energy must also fall.

---

[1] The Report is Voluminous and out of mercy for this docket, we won't file it as an exhibit hereto. Additional analysis is available at *Oral Argument: Does it Matter?*, Warren D. Wolfson, 35 Indiana Law Review 451, and *When is Oral Argument Important? A Judicial Clerk's View of the Debate*, Michael Duvall, 9 Journal of Appellate Practice and Process 121 (2007).

## MICHAEL MULSHINE

There are few travesties of justice as egregious as what the SEC has done to Michael Mulshine[2]. He is falsely and recklessly accused of having been Treaty's Corporate Secretary and from that position, allegedly engaged in fraud that has destroyed his reputation and broken him financially and emotionally. His Declaration of Damages in made Exhibit C and we leave it to the Court to afford argument so we can elaborate. The falsity of the SEC's allegations was dealt-with in detail in our Rule 11 letter sent to SEC counsel in February of 2015. His character assassination is unforgivable, as is the disregard for the truth we provided the SEC two years and eight months ago. We provide only a small excerpt, to be expanded at argument should the Court so rule:

At ¶ 10, the following doubly false allegation was made by the SEC:

> "Mulshine, age 75, resides in Brielle, New Jersey and has served as Treaty's corporate secretary since 2010, a position **he continues to hold**. In addition, Mulshine served as a purported investor relations consultant for Treaty from May 2008 to September 2012."

The statement that Mulshine "...continues to hold..." the office of Corporate Secretary was reckless. The following colloquy was given to the SEC long ago:

> "Randall, Apparently it is the interpretation of Penson's legal counsel that by me being given the full authorization powers of Corporate Secretary would make me an 'affiliate', even though I am not an employee of the Company.... **and this is not what I expected**, thus I request that these Minutes be "rescinded".

On September 28, 2009 at 10:17 AM, the minutes were rescinded.

---

[2] We are mindful of the Court's admonition against filing any additional motions. This is not a motion, but a plea for these defendants have as close as possible to their "day in court". Nothing new is raised herein.

## ANDREW REID AND BRUCE GWYN

These two defendants settled old issues with institutions that had ample jurisdiction to deal with matters long resolved: FINRA, NASD and NFA. Yet, the SEC resurrected old allegations as if they were separate securities violation. At a hearing which will not last two hours, we will *help* the Court parse the insidious innuendo from this case. Our request is modest and seeks only to further the ends of justice.

## RELIEF SOUGHT

We vividly recall a telephone conference that was held with this Court on August 13, 2015, Doc. 88. The Court asked SEC counsel what the case was all about, a reasonable question to ask after almost one year post-filing. The answer was too illusive to describe here. At the hearing we request, it would be instructive for the Court to ask the same question and ferret out why the SEC is spending hundreds of thousands of dollars on a claim that does not, by any measure, advance the mission statement of the United States Securities and Exchange Commission to (i) protect investors, (ii) maintain fair, orderly and efficient markets and (iii) facilitate capital formation.

Respectfully submitted,

/s/ *Henry L. Klein*
Henry L. Klein (7440)
844 Baronne Street
New Orleans, LA 70113
(504) 301-3027
henryklein44@gmail.com