UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | * | |
| COMMISSION | * | CIVIL ACTION    2015-2451 |
| | * | |
| versus | * | CJB-JVM |
| | * | |
| RONALD L. BLACKBURN, ET ALS. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF**
**OBJECTIONS BY DEFENDANTS BLACKBURN AND MULSHINE**

First, some valuable perspective and a reminder of what we argued long ago[1]: This case is not about the SEC's mission to (i) protect investors, (ii) maintain fair, orderly and efficient markets and (iii) facilitate capital formation.   It is about the failure on the part of the SEC "...to disassociate itself from persons who are knowingly abusing its process...".   It is about David Hallin's campaign to character-assassinate Ron Blackburn over a disagreement that took place fifteen years ago.

Almost five years ago, we asked the SEC to dismiss this case.  Our January 29, 2015 Rule 11 letter was followed by a 30-page Rule 11 Supplement dated February 20, 2015.   Because the case  has not changed one iota, it is easier to capsule what we said on February 20, 2015 with a short explanation:

On December 15, 2014, we expressed our grave concern that "...unknown persons spewing venom at Blackburn were 'using' the Fort Worth office of the SEC

---

[1]     We admittedly repeat ourselves.  But never having had oral argument and by the passage of time, the points we made may well have evaporated.  Thus, we re-urge what we believe are valid points as we wait for the Supreme Court's ruling in Liu.

15, 2014, new CEO Chris Tesarski was changing the directorship and the direction of Treaty Energy. The refusal by the SEC to meet and the refusal by the SEC to participate fairly in the _Wells_ process irresponsibly ruined 9,000 shareholders' modest investments.

_In re: Kunstler._ We wanted to and did apprise the SEC that it could not engage in "...blind reliance on a client..." Here, without a shadow of a doubt, _tdbowieknife_ was providing ammunition to the SEC for purposes of assassinating Ron Blackburn's character. It was all for the benefit of Davin Hallin and his personal vendeta.

_The BACKWARDS invocation of the de facto officer doctrine._ A deeply-misplaced concept in the SEC's Complaint was that Blackburn was pulling strings as if everyone at Treaty were a marionette. The Complaint loosely termed Blackburn as a "_de facto_" officer or as "...controlling Treaty..." or running "...the day-to-day affairs of Treaty..." or "...operating behind the scenes..." or "...maintaining undisclosed control..." of Treaty underline forty (40) times. But it was in the application of the _de facto doctrine_ that the SEC got it backwards. In <u>Ryder v. United States</u>, 515 U.S. 177 (1995), quoted to the SEC at page 10 of our Rule 11 Supplement, Mr. Justice REHNQUIST set the record straight:

> _"The de facto doctrine confers validity upon acts performed by a person acting under color of official title even though it is later discovered that the legality of the person's appointment or election to that office was deficient."_

<u>THE SEC GOT IT BACKWARDS</u>. Blackburn _never_ acted as if he were an officer or a director, a concept that the SEC continues to mistake although the

doctrine has been around for over five hundred eighty-six years[1].

*Kunstler's "improper purpose test"*   This infirm case started with Samantha Cox' infatuation with the sensationalism presented to her by *tdbowieknife*. These are not idle words on our part. Here are two posts on I-Hub that prove our point:

> 1.  Post 102412:   Samantha Cox, God bless her, made an enormous mistake believing hallin and his gang of thugs. Thirteen failed court attempts and they prey upon a junior SEC attorney who is beautiful and (bright).   Loading her ears with brutal calumny and slander.   Hallin must be a handsome guy to have pulled off [one] of the biggest horseshit stories of the century.   He must look like Clarke Kent and had kryptonite necklace during their clandestine hard drive minutes.

> 2.  Post 108874:   Yeah, but this is small potatos.   And no way in hell is [Samantha Cox] going to admit of just one more Gov't agency involved in a corruption scandal, like the SEC is in now....

*Constitutional violations and disregarded Wells submissions.*   The level of disregard by the SEC of its own internal rules is remarkable but explicable.  The SEC is a Self-Regulated Organization that flexes all the muscle of an agency of the United States Government without answering to anyone.   The ire expressed by Judge William H. Pauley III from the Southern District of New York in <u>Securities and Exchange Commission v. Caledonian Bank</u>, Docket 15-894 is applicable here, as we have quoted often in our pleadings:

---

[1]       The first case to discuss the concept of *de facto* authority was *The Abbey of Fountaine*, reported at 9 Henry VI 32 (1431).

"As the "statutory guardian" of the nation's financial markets, the SEC
is imbued with enormous powers to protect the investing public.  It can
halt securities trades and seek to freeze --- through its representations to
a court  ---  the assets of any institution.   However, the SEC's Canon
of Ethics cautions that  'the power to investigate carries with it the
power to defame and destroy.'   17 CFR § 200.66.   Judges rely on the
sec to deploy those powers conscientiously and provide accurate
assessments regarding the evidence collected in their investigations.
In that way, the integrity of the regulatory regime is preserved.

We respectfully bring to the Court's attention certain defects that cannot be
overlooked.

### THE FIRST FATAL DEFECT: BLACKBURN'S CRIMINALITY

From the infirm beginning to the poisoned end, the SEC pitches its case on
Ronald Blackburn's 1999 plea regarding tax-related issues which occurred in 1993.
The SEC failed to apprise this Court that 17 CFR 229.401 only required  ---  at the
time Treaty was created in 2008   —   disclosure of criminal convictions for a five-
year period.  And that such disclosure was applicable only to officers and directors
or other categories that Blackburn did not meet.  And while it is true that the
requirement was amended to ten years, Blackburn still did not qualify.   Even if
Blackburn qualified for a disclosure, the CFR allowed the public company the right
to explain.   Here, the SEC called Blackburn a "criminal", an "ex-con", a "career
criminal",  a "felon", a "manipulator", a "fraud", a "fake" and other brutal names,
descriptions and calumnious words a total of more than fifty (50) times.   Each and
every time the SEC spewed venom, it violated all precepts of fair play.

5

## SECOND FATAL DEFECT: NO FACTS REGARDING VIOLATIONS

In our various pleadings, we addressed each defendant's plight in answering the factual vacuum which still exists.   We can't say it better than we did in February of 2015, so we incorporate our comments by reference and simply repeat the subtitles to our communication:

The outright lies about the Belize euphoria

The real investor was Richard Daniel Bass Jr., not Blackburn

The unnamed Treaty "stock promoter" was just hot air, which happens often

Ronald Blackburn was not a career criminal and once is not enough

Andrew Reid was of no moment to anything or anybody

Bruce Gwyn was brutally destroyed for no good reason

Michael Mulshine and the egregious misrepresentation made about him

No 5(a) or 5(b) violations

No 17(a) violations

No 10(b) or Rule 10b-5 violations

Nothing has changed.  The SEC's  case and this travesty should have been dismissed long ago and oral argument would allow advocacy to be advocacy.

Respectfully submitted,

/s/   Henry L. Klein (T.A.)
844 Baronne Street
New Orleans, Louisiana 70113
(504) 586-9971
henryklein44@gmail.com