## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:15-cv-2451-CJB-JVM |
| | § | |
| RONALD L. BLACKBURN, | § | SECTION "J":1 |
| ANDREW V. REID, BRUCE A. GWYN, | § | |
| MICHAEL A. MULSHINE, LEE C. | § | |
| SCHLESINGER, SAMUEL E. WHITLEY, | § | |
| AND TREATY ENERGY | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### FINAL JUDGMENT AS TO RONALD L. BLACKBURN, ANDREW V. REID, BRUCE A. GWYN, AND MICHAEL A. MULSHINE

This Court has issued Orders and Reasons: (1) granting in part Plaintiff Securities and Exchange Commission's ("Plaintiff" or the "Commission") Motion for Summary Judgment as to Defendants Ronald L. Blackburn ("Blackburn"), Andrew V. Reid ("Reid"), Bruce A. Gwyn ("Gwyn"), and Michael A. Mulshine ("Mulshine") (collectively, "Defendants") [Doc. 227]; (2) granting Plaintiff's Supplemental Motion for Summary Judgment as to Blackburn [Doc. 245]; and (3) granting Plaintiff's Motion for Remedies as to Blackburn, Reid, Gwyn, and Mulshine, and Treaty Energy Corporation ("Treaty") [Doc. 260].

Based on all the files, records, and proceedings herein, the Court is of the opinion that Final Judgment as to Defendants should be entered as follows:

In addition to the findings and conclusions set forth in its Order and Reasons referenced above [Docs. 227, 245, and 260], which are incorporated herein, pursuant to FED. R. CIV. P. 52(a), the Court enters the Findings of Fact and Conclusions of Law set forth below.

**FINDINGS OF FACT**

1.      Defendants Blackburn, Reid, Gwyn, and Mulshine each committed securities fraud in violation of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder and Section 17(a) of the Securities Act of 1933 ("Securities Act").

2.      Defendants Blackburn, Reid, Gwyn, and Mulshine each offered or sold unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act.

3.      Defendants Reid and Gwyn each knowingly or recklessly provided substantial assistance to Treaty in its violation of Section 13(a) of the Exchange Act and Rule 12b-20 thereunder.

4.      Defendants Reid and Gwyn each certified an annual report on Form 10-K filed with the Commission that omitted material facts in violation of Exchange Act Rule 13a-14.

5.      Defendant Blackburn failed to make required filings with the Commission on Forms 3, 4, and 5 in violation of Section 16(a) of the Exchange Act and Rule 16a-3 thereunder.

6.      The Commission has demonstrated a reasonable likelihood that unless enjoined, Defendants Blackburn, Reid, Gwyn, and Mulshine will engage in future violations of the securities laws.

7.      The Commission has demonstrated the amount of ill-gotten gains to be disgorged from Defendants with prejudgment interest as follows:

|            | Disgorgement     | Prejudgment Interest |
|------------|------------------|----------------------|
| Blackburn  | $1,512,059.96    | $359,099.64          |
| Reid       | $525,030.52      | $124,689.69          |
| Mulshine   | $108,291.05      | $25,718.10           |
| Gwyn       | $772,434.90      | $183,445.85          |

8.      The conduct of Defendants Blackburn, Reid, Gwyn, and Mulshine

involved fraud, deceit, manipulation, or the deliberate disregard of a regulatory requirement and directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

9.      Considering all of the relevant factors, officer-and-director and penny-stock bars against Blackburn, Reid, Gwyn, and Mulshine are warranted.

## CONCLUSIONS OF LAW

1.      The Court should impose a permanent injunction when the inferences flowing from the defendant's prior illegal conduct, viewed in light of present circumstances, indicate a reasonable likelihood of future transgressions.

2.      In evaluating the likelihood of future violations, the Court should evaluate the totality of the circumstances.

3.      Courts consider a number of factors when imposing permanent injunctions, including the (1) egregiousness of the defendant's conduct; (2) isolated or recurrent nature of the violation; (3) degree of *scienter*; (4) sincerity of the defendant's recognition of his transgression; and (5) likelihood of the defendant's job providing opportunities for future violations.

4.      Past conduct amounting to systematic wrong doing rather than an isolated occurrence may be particularly appropriate for a permanent injunction.

5.      The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged.  Disgorgement need only be a reasonable approximation of profits causally connected to the violation.  Once the Commission presents evidence reasonably approximating the amount of ill-gotten gains, the burden of proof shifts to the defendant.

6.      In determining an approximate amount of ill-gotten profits, the risk of uncertainty

falls on the wrongdoer whose illegal conduct created the uncertainty.  Doubts are to be resolved against the defrauding party.

7.      A securities law violator cannot diminish his responsibility to return illegal profits by claiming he no longer possesses the funds due.  A defendant's claim that his profits were wiped out by subsequent losses is no defense to disgorgement.  Securities law violators may not offset their disgorgement liability with business expenses.  The manner in which a violator chose to spend his misappropriations is irrelevant as to his objection to disgorge.

8.      A securities law violator's ability to pay all or part of the amount sought as disgorgement is not grounds for denying disgorgement.

9.      An award of pre-judgment interest in a case involving violations of the federal securities laws rests within the equitable discretion of the district court to be exercised according to considerations of fairness.  Where a securities law violator has enjoyed access to funds over a period of time as a result of his or her wrongdoing, requiring the wrongdoer to pay prejudgment interest is consistent with the equitable purpose of the remedy of disgorgement.

10.     An order for disgorgement and pre-judgment interest against Defendants is proper because Defendants violated the federal securities laws.

11.     In the context of an offering of securities in violation of the securities laws, the proper starting point for a disgorgement award is the total proceeds received from the sale of the securities.

12.     The IRS underpayment of federal income tax rate as set forth in 26 U.S.C. § 6621(a)(2) is appropriate for calculating prejudgment interest in SEC enforcement actions such as this one.  That rate of interest reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant derived from

its fraud.

13.     Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act authorize the Court to assess civil monetary penalties for securities violations based on an escalating, three-tier structure.

14.     The amount of civil penalties to assess within the permissible statutory range is left to the Court's discretion.

15.     In determining the appropriate penalty, the Court considers: (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; (5) whether the defendant has admitted wrongdoing; and (6) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.

16.     Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act authorize the Court to permanently or temporarily prohibit a person who has violated scienter-based anti-fraud provisions of the Securities Act or Exchange Act from acting as an officer or director of an issuer if the person's conduct demonstrates unfitness to serve as an officer or director.

17.     Section 20(g)(1) of the Securities Act and Section 21(d)(6)(A) of the Exchange Act authorize the Court to permanently or temporarily prohibit a person who was participating in an offering of penny stock at the time of alleged misconduct from participating in any future offering of penny stock.

18.     The Court considers the following factors in determining whether an officer-and-director or penny-stock bar is appropriate: (1) the egregiousness of the defendant's actions; (2)

the isolated or recurrent nature of the infraction; (3) the degree of scienter involved; (4) the

sincerity of the defendant's assurances against future violations; (5) the defendant's recognition

of the wrongful nature of the conduct; and (6) the likelihood that the defendant's conduct will

present opportunities for future violations.  Two additional factors that may be useful in

determining whether an officer-and-director bar is appropriate are the defendant's role when he

engaged in the fraud and the defendant's economic stake in the violation.

      Based on the foregoing Findings of Fact and Conclusions of Law:

I.

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Blackburn,

Reid, Gwyn, and Mulshine are permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection

with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud; or

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers,

6

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blackburn, Reid, Gwyn, and Mulshine are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud; or

    (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blackburn, Reid, Gwyn, and Mulshine are permanently restrained and enjoined from

violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Reid and

Gwyn are permanently restrained and enjoined from aiding and abetting any violation of the

Exchange Act [15 U.S.C. § 78m(a)] by knowingly or recklessly providing substantial assistance

to an issuer that files with the Commission any periodic report pursuant to Section 13(a) of the

Exchange Act [15 U.S.C. § 78m(a)] which contains any untrue statement of material fact, or

which omits to state a material fact necessary in order to make the statements made, in the light

of the circumstances under which they were made, not misleading, or which fails to comply in

any material respect with the requirements of Section 13(a) of the Exchange Act [15 U.S.C. §

78m(a)] or Rule 12b-20 promulgated thereunder [17 C.F.R. §§ 240.12b-20].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who

receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with either Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Reid and

Gwyn are permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act

[17 C.F.R. § 13a-14] by signing a certification of a Form 10-K or Form 10-Q filed with the

Commission falsely confirming that the Form 10-K or Form 10-Q does not contain any untrue

statement of a material fact or omit to state a material fact necessary to make the statements

made, in light of the circumstances under which such statements were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with either Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Blackburn is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by failing to file information, documents, and reports as required pursuant to Section 16(a) of the Exchange Act and Rule 16a-3, in the absence of any applicable exemption, when Defendant is, directly or indirectly, the beneficial owner of more than 10 percent of any class of any registered security (other than exempted security), or is a director or an officer of such security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendants Blackburn, Reid, Gwyn, and Mulshine are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to

Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Blackburn, Reid, Gwyn, and Mulshine are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1]].

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

Defendant Blackburn is liable for disgorgement of $1,512,059.96, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $359,099.64 and a civil penalty in the amount of $1,512,059.96 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  Defendant Blackburn shall satisfy this obligation by paying $3,383,219.56 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant Reid is liable for disgorgement of $525,030.52, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $124,689.69 and a civil penalty in the amount of $525,030.52 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  Defendant Reid shall satisfy this obligation by paying

$1,174,750.73 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant Mulshine is liable for disgorgement of $108,291.05, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $25,718.10 and a civil penalty in the amount of $150,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  Defendant Mulshine shall satisfy this obligation by paying $284,009.15 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

 Defendant Gwyn is liable for disgorgement of $772,434.90, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $183,445.85 and a civil penalty in the amount of $772,434.90 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  Defendant Gwyn shall satisfy this obligation by paying $1,728,315.65 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch

6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all relief not expressly granted herein is DENIED.

13

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

New Orleans, Louisiana, this 27th day of May, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE