## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SECURITIES AND EXCHANGE           §
COMMISSION,                        §
                                   §
    Plaintiff,             §
                                   §
    v.                     §    CASE NO. 2:15-cv-2451-CJB-JVM
                                   §
RONALD L. BLACKBURN,               §    SECTION "J":1
ANDREW V. REID, BRUCE A. GWYN,     §
MICHAEL A. MULSHINE, LEE C.        §
SCHLESINGER, SAMUEL E. WHITLEY,    §
AND TREATY ENERGY                  §
CORPORATION,                       §
                                   §
    Defendants.            §

## FINAL JUDGMENT AS TO SAMUEL E. WHITLEY

This Court has issued an Orders and Reasons granting: (1) Plaintiff Securities and Exchange Commission's ("Plaintiff" or the "Commission") Motion for Summary Judgment as to Samuel E. Whitley ("Whitely") [Doc. 233]; and (2) granting in part Plaintiff's Motion for Remedies as to Whitely [Doc. 260]. Based on all the files, records, and proceedings herein, the Court is of the opinion that Final Judgment as to Defendant Whitley should be entered as follows:

In addition to the findings and conclusions set forth in its Order and Reasons referenced above [Docs. 233 and 260], which are incorporated herein, pursuant to FED. R. CIV. P. 52(a), the Court enters the Findings of Fact and Conclusions of Law set forth below.

## FINDINGS OF FACT

1.    Defendant Whitley was a necessary participant and substantial factor in the sale of unregistered securities of Treaty Energy Corporation in interstate commerce.

1

2.      No exemption to registration applied to the sale of the unregistered securities.

3.      Defendant Whitley offered or sold unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act").

4.      The Commission has demonstrated $6,800 of ill-gotten gains to be disgorged from Defendant Whitley.

## CONCLUSIONS OF LAW

1.      Section 5(a) and (c) of the Securities Act make it unlawful to offer or sell a security in interstate commerce unless a registration statement has been filed or the transaction qualifies for an exemption from registration.  Section 5 of the Securities Act is a strict liability statute.  Section 5 of the Securities Act does not limit liability to the initial distribution of securities, and liability under the statute extends to participants in the sale who were both necessary for the transaction and a substantial factor in bringing it about.

2.      The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged.  Disgorgement need only be a reasonable approximation of profits causally connected to the violation.  Once the Commission presents evidence reasonably approximating the amount of ill-gotten gains, the burden of proof shifts to the defendant.

3.      In determining an approximate amount of ill-gotten profits, the risk of uncertainty falls on the wrongdoer whose illegal conduct created the uncertainty.  Doubts are to be resolved against the defrauding party.

4.      A securities law violator cannot diminish his responsibility to return illegal profits by claiming he no longer possesses the funds due.  A defendant's claim that his profits were wiped out by subsequent losses is no defense to disgorgement.  Securities law violators may not offset their

disgorgement liability with business expenses.  The manner in which a violator chose to spend his misappropriations is irrelevant as to his objection to disgorge.

5.      A securities law violator's ability to pay all or part of the amount sought as disgorgement is not grounds for denying disgorgement.

6.      An award of pre-judgment interest in a case involving violations of the federal securities laws rests within the equitable discretion of the district court to be exercised according to considerations of fairness.  Where a securities law violator has enjoyed access to funds over a period of time as a result of his or her wrongdoing, requiring the wrongdoer to pay prejudgment interest is consistent with the equitable purpose of the remedy of disgorgement.

7.      An order for disgorgement and pre-judgment interest against Defendant Whitley is proper because Defendant Whitley violated the federal securities laws.

8.      In the context of an offering of securities in violation of the securities laws, the proper starting point for a disgorgement award is the total proceeds received from the sale of the securities.

9.      Section 20(d) of the Securities Act authorizes the Court to assess civil monetary penalties for securities violations based on an escalating, three-tier structure.

10.      The amount of civil penalties to assess within the permissible statutory range is left to the Court's discretion.

11.      In determining the appropriate penalty, the Court considers: (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; (5) whether the defendant has admitted wrongdoing;

and (6) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition.

Based on the foregoing Findings of Fact and Conclusions of Law:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant Whitley is liable for disgorgement of $6,800.00, representing profits gained as a result of the conduct alleged in the Complaint and a civil penalty in the amount of $30,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation by paying $36,800.00 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment,

4

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all relief not expressly granted herein is DENIED.

## IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

New Orleans, Louisiana, this 27th day of May, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE