UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | CIVIL ACTION |
| VERSUS | NO: 15-2451 |
| RONALD L. BLACKBURN, ANDREW V. REID, BRUCE A GWYN., MICHAEL A. MULSHINE, LEE C. SCHLESINGER, SAMUEL E. WHITLEY, AND TREATY ENERGY CORPORATION | SECTION: "J"(1) |

## AMENDED FINAL JUDGMENT AS TO RONALD L. BLACKBURN, BRUCE A. GWYN, AND MICHAEL A. MULSHINE

Considering the Court's Order and Reasons dated November 3, 2020 (Rec. Doc. 278), filed herein, Final Judgment as to Ronald L. Blackburn, Bruce A. Gwyn, and Michael A. Mulshine is entered as follows:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Blackburn, Gwyn, and Mulshine are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 250.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Blackburn, Gwyn, and Mulshine are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in

    order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or anyone described in (a).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Blackburn, Gwyn, and Mulshine are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in

    interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or anyone described in (a).

### IV.

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gwyn is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), by knowingly

or recklessly providing substantial assistance to an issuer that files with the Commission any periodic report pursuant to Section 13(a) which contains any untrue statement of material fact, or which omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which fails to comply in any material respect with the requirements of Section 13(a) or Rule 12b-20 thereunder, 17 C.F.R. § 240.12b-20.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Gwyn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gwyn or anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gwyn is permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act, 17 C.F.R. § 13a-14, by signing a certification of a Form 10-K or Form 10-Q filed with the Commission falsely confirming that the Form 10-K or Form 10-Q does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Gwyn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Gwyn or anyone described in (a).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Blackburn is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, by failing to file information, documents, and reports as required pursuant to Section 16(a) and Rule 16a-3, in the absence of any applicable exemption, when Defendant is, directly or indirectly, the beneficial owner of more than 10 percent of any class of any registered security (other than exempted security), or is a director or an officer of such security.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Blackburn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Blackburn or anyone described in (a).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2)

of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendants Blackburn, Gwyn, and Mulshine are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(g)(1) of the Securities Act, 15 U.S.C. § 77t(g)(1), and Section 21(d)(6)(A) of the Exchange Act, 15 U.S.C. § 78u(d)(6)(A), Defendants Blackburn, Gwyn, and Mulshine are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Blackburn is liable for disgorgement of $1,512,059.96, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $359,099.64 and a civil penalty in the amount of $1,512,059.96 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Blackburn

shall satisfy this obligation by paying $3,383,219.56 to the Commission within 30 days after entry of this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gwyn is liable for disgorgement of $772,434.90, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $183,445.85 and a civil penalty in the amount of $772,434.90 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Gwyn shall satisfy this obligation by paying $1,728,315.65 to the Commission within 30 days after entry of this Final Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Mulshine is liable for disgorgement of $108,291.05, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $25,718.10 and a civil penalty in the amount of $150,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Mulshine shall satisfy this obligation by paying $284,009.15 to the Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Securities and Exchange Commission (the "Commission"), which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Each Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The

Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission shall propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, each Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means

a private damages action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all relief not expressly granted herein is **DENIED**.

New Orleans, Louisiana, this 3rd day of November, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE